UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IONIT TECHNOLOGIES, INC. | Civil Action No. 08 C 4352 |
| PLAINTIFF, | Judge Ruben Castillo |
| v. | Magistrate Maria Valdez |
| VISION CONTROLS CORPORATION, | |
| DEFENDANT. | |

### REQUEST FOR ENTRY OF FINAL JUDGMENT

Pursuant to the Court's Order of August 28, 2008, granting Plaintiff, Ionit Technologies, Inc.'s ("Ionit's") Motion for Entry of Default Judgment, Ionit respectfully requests entry of final judgment in accordance with the prayer for relief contained in Ionit's Complaint and a corresponding award of Ionit's attorneys' fees, damages, and costs.

A Proposed Order Entering Final Judgment is attached as Exhibit 1 and is also being emailed today to Proposed_Order_Castillo@ilnd.uscourts.gov.

A declaration of Ionit's Chief Financial Officer, Brent Hamachek, in support of and detailing Ionit's attorneys' fees, damages, and costs that it is seeking is attached as Exhibit 2.

Respectfully submitted,

Dated: August 29, 2008      By:   /s/ Timothy C. Meece
Timothy C. Meece (6226967)
tmeece@bannerwitcoff.com
Binal J. Patel (6237843)
Michael L. Krashin (6286637)
BANNER & WITCOFF, LTD.
10 South Wacker Drive – Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**Attorneys for Plaintiff,
Ionit Technologies, Inc.**

## CERTIFICATE OF SERVICE

I certify that on August 29, 2008, I electronically filed the foregoing REQUEST FOR ENTRY OF FINAL JUDGMENT through the Court's ECF system, which will send an electronic notice of filing to all counsel of record who are registered ECF users.

I also certify that on August 29, 2008, a copy of the foregoing is being sent:

- By overnight courier to Kevin Marty, CEO, Vision Controls Corporation, 455 East Industrial Drive, Bldg. 2, Hartland, WI 53029.

- By email to Amy Vandamme (alvandamme@michaelbest.com), Michael Best & Friedrich LLP, 100 East Wisconsin Avenue, Suite 3300, Milwaukee, Wisconsin 53202.

/s/ Timothy C. Meece
FOR IONIT
TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IONIT TECHNOLOGIES, INC. | ) | Civil Action No. 08 C 4352 |
| PLAINTIFF, | ) | Judge Ruben Castillo |
| v. | ) | Magistrate Maria Valdez |
| VISION CONTROLS CORPORATION, | ) | Jury Trial Demanded |
| DEFENDANT. | ) | |

**LIST OF EXHIBITS IN SUPPORT OF PLAINTIFF IONIT TECHNOLOGIES, INC.'S
<u>REQUEST FOR ENTRY OF FINAL JUDGMENT</u>**

| Exhibit No. | Description |
|---|---|
| 1 | Proposed Order |
| 2 | Declaration of Brent Hamachek |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IONIT TECHNOLOGIES, INC. | Civil Action No. 08 C 4352 |
| PLAINTIFF, | Judge Ruben Castillo |
| v. | Magistrate Maria Valdez |
| VISION CONTROLS CORPORATION, | |
| DEFENDANT. | |

**PROPOSED ORDER ENTERING FINAL JUDGMENT**

In accordance with the Court's August 28, 2008, Order entering default judgment against Defendant Vision Controls Corporation ("Vision Controls"), the Court hereby renders final judgment under Rule 58 of the Federal Rules of Civil Procedure.

The facts of this case are taken from the allegations of Plaintiff's complaint, which are deemed admitted as a consequence of Defendant's default. *See, e.g., Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994).

Accordingly, the Court renders judgment for Plaintiff Ionit Technologies, Inc. ("Ionit Technologies") on Count I of its complaint for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. In particular, the Court finds that Vision Control's CAM line of products, its ACS management software, and its Chateau software development kit infringe Ionit Technologies' copyrights in the software developed by Chateau Technical Corp. ("the Software").

The Court also renders judgment in favor of Ionit Technologies on Count II of its complaint for unfair competition arising under the laws of the United States, 15 U.S.C. § 1051 *et*

**EXHIBIT 1**

*seq*. The Court finds that Vision Controls has made false or misleading descriptions of fact and/or false or misleading representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Vision Controls with Ionit Technologies as to the origin, sponsorship, or approval of Vision Controls' CAM line of products.

The Court further renders judgment in favor of Ionit Technologies on Counts III and IV of its complaint for intentional interference with prospective business advantage and unfair competition under the common law of the State of Illinois. The Court finds that Ionit Technologies had a reasonable expectation of entering into valid business relationships with at least Videotec Corporation and Advantage Security Integration, as well as other Vision Controls customers. The Court further finds that Vision Controls knew of the expectancy and, despite such knowledge, Vision Controls intentionally and without justification or privilege interfered with the expectancy that caused the termination of the expectancy.

Based on the relief sought by Ionit Technologies in its complaint, the Court permanently enjoins Vision Controls, its agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them, from (1) any further acts of infringement of Ionit Technologies' copyrights and (2) any further contact or communication with Ionit Technologies' customers regarding the Software in order to prevent any further interference with Ionit Technologies' prospective business advantage.

Vision Controls, its agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them, as well as any others that may become aware of the enjoinment ordered by the Court, are

ordered to forfeit for destruction all devices, products, components, and any materials of any type containing the Software and any works derived from or copied from the Software as well as all implements, devices, or equipment used in the manufacture of the infringing copies of the Software. The forfeited items are to be delivered to counsel for Ionit Technologies within 30 days after entry of this Final Judgment.

Vision Controls is ordered to identify and itemize within 30 days after entry of this Final Judgment its gross sales, deductions, and gross profits from its CAM line of products, its ACS management software, its Chateau software development kit, and any corresponding software downloaded from its web site as well as for the sales of any products made to Videotec Corporation and Advantage Security Integration.

Vision Control's gross profits shall constitute Ionit Technologies' compensatory damages in this matter and shall be trebled pursuant to 15 U.S.C. § 1117 for Vision Controls' unfair competition. Vision Controls shall pay Ionit Technologies prejudgment interest on these damages corresponding to the prime rate, compounded quarterly.

Vision Controls is ordered to pay Ionit Technologies its the costs of this action and Ionit Technologies' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a), in the respective amounts of $1,075 and $35,441.

Dated this _____ day of September, 2008.


BY THE COURT:


_____
Honorable Ruben Castillo
United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IONIT TECHNOLOGIES, INC. ) | Civil Action No. 08 C 4352 |
| ) | |
| PLAINTIFF, ) | Judge Ruben Castillo |
| ) | |
| v. ) | Magistrate Maria Valdez |
| ) | |
| VISION CONTROLS CORPORATION, ) | |
| ) | Jury Trial Demanded |
| DEFENDANT. ) | |

### DECLARATION OF BRENT HAMACHEK

I, Brent Hamachek, declare as follows:

1. I am the Chief Financial Officer of Ionit Technologies, Inc. ("Ionit Technologies"), the Plaintiff in this lawsuit.

2. Ionit Technologies has incurred significant fees and costs to date in prosecuting this action against Vision Controls. The following table provides a summary of the hours billed for each of our attorneys on this case in the months of April, May, and June related to preparing and filing our complaint against Vision Controls, preparing Ionit Technologies' Rule 26(a)(1) disclosures, preparing a draft Rule 26(f) report, corresponding with counsel for Vision Controls, analyzing the infringing products, and preparing a motion for a preliminary injunction.

| Attorney | April | May | June | Total by Attorney |
|---|---|---|---|---|
| **Timothy Meece** | 34 | 0 | 2.5 | 36.5 |
| **Binal Patel** | 12.5 | 1.2 | 1.5 | 15.2 |
| **Michael Krashin** | 28.4 | 11.4 | 7.2 | 47 |
| | | | | |
| **Monthly totals** | 74.9 | 12.6 | 11.2 | |

**EXHIBIT 2**

3. Mr. Meece and Mr. Patel are shareholders in the law firm of Banner & Witcoff, Ltd. Their hourly rates are $470 and $430, respectively. Mr. Krashin is an associate in the same firm, and his hourly rate is $250. At Mr. Meece's, Mr. Patel's, and Mr. Krashin's billing rates, we incurred $35,441 as a result of their time spent preparing and filing our complaint against Vision Controls, preparing Ionit Technologies' Rule 26(a)(1) disclosures, preparing a draft Rule 26(f) report, corresponding with counsel for Vision Controls, analyzing the infringing products, and preparing a motion for a preliminary injunction

4. I understand from my attorneys that the actual billing records provided to us may contain privileged attorney-client information. Accordingly, out of an abundance of caution, I only provided the summary information above. If the Court desires, I can submit complete copies of the invoices from which the above financial information was derived for *in camera* inspection.

5. In addition to these fees, we also incurred the cost of two filing fees in the amounts of $350 for filing our first and re-filed complaints against Vision Controls. Further, we respectively spent $180 and $195 to serve these complaints. Thus, our total costs were $1075.

6. We have also been damaged by Vision Control's unlawful conduct. Ionit Technologies is a leader in the field of manufacturing, marketing, and selling advanced video recording systems, and our business is focused exclusively on advanced video recording systems. The Defendant in this case, Vision Controls, is a direct competitor of ours. It sells a line of video recording systems that it calls its CAM products, and these products directly compete with our advanced video recording systems.

7. Vision Control's CAM line of products, its ACS management software, and its Chateau software development kit infringe Ionit Technologies' copyrights in the software

developed by Chateau Technical Corp. ("the Software"). This infringement has given Vision Controls an unfair advantage in the marketplace. Further, Ionit Technologies spent significant amounts of time and money in internal research and development relating to the Software. Thus, Vision Control's illegal actions allowed it to forego years of research and development and design a competing product within a short period of time.

8. For these reasons among others, we have suffered damages in many ways, including in the form of lost sales and lost business opportunities. Further, given the nature of our business and of Vision Controls' illegal conduct, monetary damages alone are not sufficient to remedy Vision Controls' illegal conduct. Thus, in addition to monetary damages, we need the permanent injunction requested in our complaint in order to prohibit Vision Controls from further violating our rights.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 29, 2008.

_____
Brent Hamachek
Chief Financial Officer
Ionit Technologies, Inc.