**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

IONIT TECHNOLOGIES, INC.,

        Plaintiff,

                                          Case No. 08CV4352

v.

VISION CONTROLS CORPORATION,

        Defendant.

---

**NOTICE OF ASSIGNMENT FOR BENEFIT OF CREDITORS**

---

      Defendant Vision Controls Corporation, by its counsel Michael Best & Friedrich LLC, shows that it made an assignment for the benefit of its creditors to Attorney Seth Dizard of the law firm of O'Neil, Cannon, Hollman, DeJong, S.C., 111 East Wisconsin Avenue, Suite 1400, Milwaukee, Wisconsin, 53202, pursuant to Wis. Stat. ch. 128 *et seq.* on August 28, 2008. Attached as Exhibit A is a copy of the executed and file-stamped Assignment for the Benefit of Creditors. Vision Controls further advises that a Petition for Appointment of Receiver was filed in the Waukesha County Circuit Court on August 29, 2008, and has been assigned case number 08-CV-3063. Attached as Exhibit B is a copy of the file-stamped Petition for Appointment of Receiver.

Dated this 2nd day of September, 2008.    **MICHAEL BEST & FRIEDRICH LLC**

                                                        /s/ Arthur Gollwitzer III
                                                        Arthur Gollwitzer III (06225038)
                                                        Two Prudential Plaza
                                                        180 North Stetson Avenue
                                                        Suite 2000
                                                        Chicago, IL 60601
                                                       Telephone: (312) 596-5803
                                                       Facsimile: (312) 222-0818
                                                       agollwitzer@michaelbest.com

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2008, I electronically filed the foregoing NOTICE OF ASSIGNMENT FOR BENEFIT OF CREDITORS through the Court's ECF system, which will send an electronic notice of filing to all counsel of record who are registered ECF users, specifically counsel for Ionit Technologies, Inc.,

> Attorney Timothy Meece
> Banner & Witcoff
> Ten South Wacker Drive
> Suite 3000
> Chicago, IL  60606

> /s/ Arthur Gollwitzer III
> Arthur Gollwitzer III

R. RAMIREZ



STATE OF WISCONSIN     CIRCUIT COURT     WAUKESHA COUNTY

In re:

VISION CONTROLS CORPORATION,

           Assignor.

**08CV3063**

Case No.: _____
Case Code: 30304
(Other Debtor Actions)

## ASSIGNMENT FOR THE BENEFIT OF CREDITORS

THIS ASSIGNMENT FOR THE BENEFIT OF CREDITORS is made and entered this 28th day of August, 2008, by and between Vision Controls Corporation whose registered address is 455 Industrial Drive, Bldg. 2, Hartland, Wisconsin 53029, ("Assignor") and Seth E. Dizard, of Milwaukee, Wisconsin ("Assignee") (collectively, the "Parties").

WHEREAS, Assignor desires to make an Assignment of its property for the benefit of its creditors.

WHEREAS, Assignee has agreed to accept an Assignment of Assignor's property for the benefit of Assignor's creditors.

NOW, THEREFORE, in consideration of the foregoing recitals, and for other good and valuable consideration, receipt of which is hereby acknowledged, and in further consideration of the covenants hereinafter contained, the Parties agree as follows:

1.     Assignor does hereby convey and assign to Assignee, for the benefit of Assignor's creditors, all the property of Assignor, both real and personal, tangible and intangible, of whatever description and location, including without limitation all of Assignor's cash on hand or on deposit with a financial institution, all of its accounts receivable, claims, demands and causes of action, liquidated and unliquidated, together with all collateral or security therefor, all machinery, equipment, fixtures, furnishings, vehicles, supplies, inventory, patents, trademarks,

copyrights, trade names and licenses, and any and all other assets owned by Assignor (collectively, the "Property"). All of the Property is to be held, administered and disposed of by Assignee in trust and upon the terms and conditions of this Assignment for the benefit of all of the creditors of Assignor.

2.   Assignee shall take possession of the Property and notify all creditors of Assignor of this Assignment. Assignee shall thereafter sell the Property, either in bulk or in parcels, at public auction or at private sale, with or without notice, in such manner as he believes is in the best interest of said creditors, Assignee to use his discretion with reference to the manner and time of sale and also as to the giving of notice, and in all other respects. Assignee shall expend and disburse the proceeds of such sale or sales pursuant to the Order of Distribution set forth in Chapter 128 of the Wisconsin Statutes, and pursuant to any Order entered in these proceedings.

3.   Assignee is authorized to collect, compromise, sell or dispose of any accounts receivable, claims, demands and causes of action existing in favor of Assignor and to settle and compromise any and all claims against Assignor.

4.   Assignee is further authorized to employ such help and incur such reasonable expenses as he may deem necessary to properly carry out this Assignment and he may employ the services of attorneys, consultants, accountants, appraisers, liquidators and other professionals when it appears to him necessary and advisable to do so. He is also authorized to borrow any money necessary to properly carry out the terms of this Assignment if it appears to him necessary and advisable to do so, and to pledge, hypothecate, mortgage or assign all or a portion of the Property as security for said loan or loans.

5.   Assignor hereby authorizes Assignee to execute, acknowledge and deliver all contracts, bills of sale, assignments, releases, deeds, conveyances, transfers and other documents

necessary and proper to carry out this Assignment. In order to further assist Assignee, Assignor agrees to immediately turn over to Assignee all of its papers, records and books of account used in its business.

6. Assignee shall not be liable to Assignor or to any of its creditors for anything that he may in good faith do or omit to do hereunder, or for any conduct whatsoever, save bad faith. It is expressly understood and agreed that Assignee does not assume any liability for the lease of any real or personal property and does not assume any liability to the lessor of any such property for rent or otherwise under any such lease.

7. After his acceptance of the trust hereby conferred, Assignee will file this instrument and his acceptance with the Clerk of the Circuit Court in Waukesha County, Wisconsin, in which Assignor has its principal place of business, and will apply to said Court for his appointment as Receiver herein, all in accordance with the provisions of Chapter 128 of the Wisconsin Statutes.

8. Nothing herein contained shall in any manner be deemed to contravene the provisions of Chapter 128 of the Wisconsin Statutes nor to preclude any creditor from requiring this Assignment to be filed with a Court of competent jurisdiction.

WHEREFORE, the Parties agree to the provisions of this Assignment for the Benefit of Creditors, Assignee executing as such and not otherwise.

VISION CONTROLS CORPORATION

By: _____
Kevin A. Marti, President

Seth E. Dizard, Assignee, accepts the trust created by this Assignment for the Benefit of Creditors, and agrees to faithfully perform his obligations thereunder.

_____
Seth E. Dizard

STATE OF WISCONSIN    )
                      ) ss.
MILWAUKEE COUNTY      )

This instrument was acknowledged before me on August 29th, 2008, by Seth E. Dizard.

_____
Notary Public, State of Wisconsin
My commission expires: 12/20/2009

4



STATE OF WISCONSIN     CIRCUIT COURT     WAUKESHA COUNTY

In re:

VISION CONTROLS CORPORATION,

         Assignor.

Case No.: **08CV3063**
Case Code: 30304
(Other Debtor Actions)

## PETITION FOR APPOINTMENT OF RECEIVER

TO THE CIRCUIT COURT, WAUKESHA COUNTY:

Petitioner, Seth E. Dizard ("Petitioner"), respectfully alleges:

1. That on August 28, 2008, the above named Assignor made a voluntary assignment to Petitioner for the benefit of its creditors.

2. That Assignor is engaged in the business of designing, developing and configuring security systems with its registered address at 455 East Industrial Drive, Bldg. 2, Hartland, Wisconsin 53029.

3. That the book value of Assignor's assets as of August 7, 2008 was approximately $498,861.69, which consists of the following: (i) cash of approximately $5,674.29; (ii) accounts receivable of approximately $402,570.68; and (ii) other assets of approximately $90,616.72.

4. That Assignor's then current liquidated liabilities were approximately $416,537.81, and Assignor has substantial contingent or disputed, unliquidated liabilities of undetermined amount.

5. The fair market value of Assignor's assets is unknown.

6. The fair market value of Assignor's assets appears to be less than its liabilities, including its disputed, unliquidated liabilities.

7. That Petitioner has filed Assignor's Assignment for the Benefit of Creditors in this Court and requests that he be designated as Receiver by this Court on the basis of said Assignment.

8. That Petitioner further requests:

    a. That an Order be entered appointing him Receiver under a bond of $10,000;

    b. That all creditors of Assignor be directed to file their claims with the Clerk of Court within three months from the date of the Notice of appointment of Petitioner as Receiver;

    c. That all creditors be restrained and enjoined from (i) commencing any action or prosecuting any other action now pending other than these proceedings, (ii) enforcing against Assignor or its property any judgment and (iii) taking any action to collect or recover a claim against Assignor;

    d. That he be authorized to use Associated Bank as a depository for funds in this matter;

    e. That he be authorized to employ appraisers and/or liquidators of his choice;

    f. That he be authorized to employ an accountant to prepare any necessary corporate tax returns with compensation to be determined at a later date;

    g. That he be authorized to sell all property of Assignor, outside of the ordinary course of business, free and clear of liens, with liens attaching to the proceeds, through public or private proceedings in any commercially reasonable manner, subject to the prior approval of this Court and Associated Bank N.A., upon notice to creditors; and

   h.  For such other and further relief as the Court deems appropriate.

 9. Petitioner is authorized to state that Assignor consents to the relief requested in this Petition.

Dated this 29th day of August, 2008.

               _____
               Seth E. Dizard

STATE OF WISCONSIN )
          ) ss.
MILWAUKEE COUNTY )

This instrument was acknowledged before me on August 29th, 2008, by Seth E. Dizard.

_____
Notary Public, State of Wisconsin
My commission expires: 12/20/2009

(Seal: MARY E. PRZYBYL, NOTARY PUBLIC, STATE OF WISCONSIN)

P.O. Address:

O'NEIL, CANNON, HOLLMAN, DeJONG S.C.
111 East Wisconsin Avenue
Suite 1400
Milwaukee, WI 53202
(414) 276-5000

3