

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IONIT TECHNOLOGIES, INC. ) | Civil Action No. 08 C 4352 |
| ) | |
| PLAINTIFF, ) | Judge Ruben Castillo |
| ) | |
| v. ) | Magistrate Maria Valdez |
| ) | |
| VISION CONTROLS CORPORATION, ) | |
| ) | |
| DEFENDANT. ) | |

### ~~PROPOSED~~ ORDER ENTERING FINAL JUDGMENT

In accordance with the Court's August 28, 2008, Order entering default judgment against Defendant Vision Controls Corporation ("Vision Controls"), the Court hereby renders final judgment under Rule 58 of the Federal Rules of Civil Procedure.

The facts of this case are taken from the allegations of Plaintiff's complaint, which are deemed admitted as a consequence of Defendant's default. *See, e.g., Black v. Lane*, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994).

Accordingly, the Court renders judgment for Plaintiff Ionit Technologies, Inc. ("Ionit Technologies") on Count I of its complaint for copyright infringement arising under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. In particular, the Court finds that Vision Control's CAM line of products, its ACS management software, and its Chateau software development kit infringe Ionit Technologies' copyrights in the software developed by Chateau Technical Corp. ("the Software").

The Court also renders judgment in favor of Ionit Technologies on Count II of its complaint for unfair competition arising under the laws of the United States, 15 U.S.C. § 1051 *et*

**EXHIBIT 1**

*seq.* The Court finds that Vision Controls has made false or misleading descriptions of fact and/or false or misleading representations of fact that are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Vision Controls with Ionit Technologies as to the origin, sponsorship, or approval of Vision Controls' CAM line of products.

The Court further renders judgment in favor of Ionit Technologies on Counts III and IV of its complaint for intentional interference with prospective business advantage and unfair competition under the common law of the State of Illinois. The Court finds that Ionit Technologies had a reasonable expectation of entering into valid business relationships with at least Videotec Corporation and Advantage Security Integration, as well as other Vision Controls customers. The Court further finds that Vision Controls knew of the expectancy and, despite such knowledge, Vision Controls intentionally and without justification or privilege interfered with the expectancy that caused the termination of the expectancy.

Based on the relief sought by Ionit Technologies in its complaint, the Court permanently enjoins Vision Controls, its agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them, from (1) any further acts of infringement of Ionit Technologies' copyrights and (2) any further contact or communication with Ionit Technologies' customers regarding the Software in order to prevent any further interference with Ionit Technologies' prospective business advantage.

Vision Controls, its agents, servants, employees, officers, directors, affiliates, attorneys, assigns, and all others in active concert or participation with them or otherwise controlled by them, as well as any others that may become aware of the enjoinment ordered by the Court, are

ordered to forfeit for destruction all devices, products, components, and any materials of any type containing the Software and any works derived from or copied from the Software as well as all implements, devices, or equipment used in the manufacture of the infringing copies of the Software. The forfeited items are to be delivered to counsel for Ionit Technologies within 30 days after entry of this Final Judgment.

Vision Controls is ordered to identify and itemize within 30 days after entry of this Final Judgment its gross sales, deductions, and gross profits from its CAM line of products, its ACS management software, its Chateau software development kit, and any corresponding software downloaded from its web site as well as for the sales of any products made to Videotec Corporation and Advantage Security Integration.

Vision Control's gross profits shall constitute Ionit Technologies' compensatory damages in this matter and shall be trebled pursuant to 15 U.S.C. § 1117 for Vision Controls' unfair competition. Vision Controls shall pay Ionit Technologies prejudgment interest on these damages corresponding to the prime rate, compounded quarterly.

Vision Controls is ordered to pay Ionit Technologies its the costs of this action and Ionit Technologies' reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a), in the respective amounts of $1,075 and $35,441.

Dated this _3rd_ day of September, 2008.

BY THE COURT:

_____
Honorable Ruben Castillo
United States District Judge

3